**JINGZHAO XU, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–4458–ag.**

United States Court of Appeals, Second Circuit.

Aug. 24, 2007.

718

Jingzhao Xu, Brooklyn, NY, pro se.

Peter D. Keisler, Attorney General, Civil Division; Lisa Arnold, Senior Litigation Counsel; Jennifer Keeney, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jingzhao Xu, a native and citizen of the People's Republic of China, seeks review of an August 31, 2006 order of the BIA affirming the April 25, 2005 decision of Immigration Judge ("IJ") George T. Chew denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jingzhao Xu*, No. A97 390 852 (B.I.A. Aug. 31, 2006), *aff'g* No. A97 390 852 (Immig. Ct. N.Y. City Apr. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004) (overruled in part on other grounds).

We find that the IJ's adverse credibility finding is supported by substantial evidence. The IJ did not err in finding that the inconsistencies between Xu's airport interview, first asylum application, and second application were substantial. With regard to the airport interview, there is no indication from the record that Xu did not understand the interviewer's questions or that his particular circumstances warranted inconsistent responses. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir.2004). Indeed, Xu admitted that he intentionally lied to the interviewer because his parents had instructed him to do so. Because the IJ and the BIA explicitly considered these explanations and reasonably found that they were insufficient, we are not compelled to conclude otherwise. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanation for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Moreover, the shadow on an applicant's overall credibility. While applicants should be encouraged to recant false statements and withdraw false applications, the agency is not required to overlook such falsities in making its ultimate determination. Because the only evidence of a future threat of persecution or torture depended upon Xu's credibility, the IJ's adverse credibility determination necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dept. of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).